

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Saeteros-Torres v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1294

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Saeteros-Torres v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1294
_____

JOSE RODRIGO SAETEROS-TORRES,

Petitioner,

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA;
SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY,

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A95 679 381)
Immigration Judge: Honorable Daniel Meisner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2007

BEFORE: SLOVITER, MCKEE and AMBRO, Circuit Judges

(Filed January 29, 2008)

_____

OPINION

_____

PER CURIAM

Jose Rodrigo Saeteros-Torres petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the denial of his motion to reopen his removal

proceedings following the Immigration Judge's ("IJ") order of removal, entered in absentia when Saeteros-Torres failed to appear at a scheduled removal hearing. For the following reasons, we will deny the petition for review.

Saeteros-Torres, a native and citizen of Ecuador, entered the United States near Douglas, Arizona, on July 13, 2004. Almost immediately, on July 15, 2004, he was personally served with a notice to appear, charging him as being removable pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(I) [8 U.S.C. § 1182(a)(6)(A)(I)], based on his entry into this country without being admitted or paroled. On July 29, 2004, he was notified, again by personal service, that a hearing had been scheduled for August 19, 2004.

On August 2, 2004, after being released from immigration detention, Saeteros-Torres moved to have his case transferred to the immigration court with jurisdiction over his new address on Mill Street in Morristown, New Jersey. The motion was granted. In a letter dated October 21, 2004, and sent by regular mail to the Mill Street address, the immigration court notified Saeteros-Torres that a hearing in his case was scheduled for December 9, 2004. Saeteros-Torres failed to appear for that hearing, however, and the Immigration Judge ("IJ") ordered him removed in absentia.

In August 2006, Saeteros-Torres filed a motion to reopen the proceedings to seek voluntary departure, alleging that he never received notice of the hearing. In support of his claim, Saeteros-Torres submitted a statement indicating that he moved in early October 2004 to an address on Green Street in Morristown, that he provided the new

2

address to the Department of Homeland Security ("DHS"), and that he continued to check for mail at the Mill Street address until December 2005. The IJ denied the motion and the Board of Immigration Appeals ("BIA") dismissed Saeteros-Torres' appeal. The Board concluded that Saeteros-Torres' statement was insufficient by itself to rebut the presumption that he received the hearing notice. Saeteros-Torres filed a petition for review of the BIA's decision.

The denial of a motion to reopen is reviewed for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Thus, in order to succeed on the petition for review, Saeteros-Torres must ultimately show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Under the INA, when an alien "does not attend" a removal proceeding after written notice has been provided to the alien or the alien's counsel of record, the IJ must order the alien removed in absentia "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A) [8 U.S.C. § 1229a(b)(5)(A)]. Such an order may be rescinded, however, if the alien moves to reopen at any time and demonstrates that he did not receive notice of the proceeding "in accordance with paragraph (1) or (2) of section

3

239(a)."[1] See INA § 240(b)(5)(C)(ii) [8 U.S.C. § 1229a(b)(5)(C)(ii)]. Paragraphs (1) and (2) of § 239(a) require that notice of the proceedings, including a change in the time or place of the proceedings, be given in person to the alien "(or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)."

We recently adopted a standard providing that a "strong presumption [of receipt] . . . applies only when a notice from an Immigration Court . . . is sent by *certified* mail, and that a weaker presumption of receipt applies when such a notice is sent by *regular* mail." Santana Gonzalez v. Attorney General, 506 F.3d 274, 279 (3d Cir. 2007). An alien's affidavit claiming non-receipt of a notice sent by regular mail, along with corroborating circumstantial evidence, may be sufficient to raise a factual issue requiring an evidentiary hearing before the IJ. See id. at 280. The petitioner in Santana Gonzalez sought to reopen an in absentia removal order, claiming in an affidavit that she did not receive the hearing notice sent via regular mail despite various attempts to inform the

---

[1] The proceedings may also be reopened at any time if the alien demonstrates that he was in custody and that the failure to appear was through no fault of his own. See INA § 240(b)(5)(C) [8 U.S.C. § 1229a(b)(5)(C)]. In addition, the in absentia removal order may be rescinded if the alien moves to reopen within 180 days and establishes that his failure to appear was because of exceptional circumstances. See 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). In certain circumstances, the 180-day period for filing a motion to reopen to rescind an in absentia removal order may be equitably tolled by an ineffective assistance of counsel claim. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). In this case, because Saeteros-Torres was not in custody, filed his motion to reopen two years after being order removed, and has not demonstrated that he acted diligently in pursuing his claim, these provisions for reopening are not applicable.

4

DHS of her change of address. Id. at 275, 281. Significantly, the record "disclosed that Petitioner at all times sought to have a hearing to adjust her status," a form of relief she was entitled to under the Cuban Adjustment Act. Id. at 280-81. Consequently, the petitioner "may not have had a motive to avoid the scheduled hearing" and "had little to gain by failing to appear at the hearing." Id. at 280-81. We concluded that this corroborating circumstantial evidence, together with the petitioner's affidavit, might be sufficient to rebut the newly announced, less stringent presumption of receipt. Id. at 281.

Saeteros-Torres also submitted a statement alleging non-receipt. But the record here does not contain the degree of circumstantial evidence supporting his claim as was present in Santana Gonzalez. Most importantly, Saeteros-Torres did not allege that he sought, or was eligible for, any type of immigration relief. Indeed, he was facing a hearing at which only the propriety of the removal charge would be at issue. Because Saeteros-Torres apparently had no defense to that charge, he had good reason to avoid the hearing. Under these circumstances, we conclude that Saeteros-Torres has not rebutted the presumption that he received the October 21, 2004 hearing notice by regular mail.

In sum, and in light of the "broad deference" that we must accord the BIA's decision, see Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005), we cannot say that the BIA abused its discretion in affirming the IJ's denial of Saeteros-Torres' motion to reopen. Accordingly, we will deny his petition for review.